CHARLES B. PERKINS #126942
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399-4566
Email: cbperk@earthlink.net

Attorney for Plaintiff
MARLENE LANGONE

FILED

2009 FEB -5 P 2:21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| MARLENE LANGONE, | C09 00536 HRL |
| Plaintiff, | Case No. |
| vs. | COMPLAINT FOR DAMAGES (*29 U.S.C. §1132 (a)(1)(B)*) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and GROUP LONG TERM DISABILITY BENEFITS FOR EMPLOYEES OF SAFEWAY, INC. PLAN, | |
| Defendants. | |

Plaintiff alleges:

1.    Plaintiff obtained the long-term disability coverage at issue while she lived and worked in Santa Clara County, in the above-captioned judicial district. The actions complained of occurred while Plaintiff resided in Santa Clara County.

2.    Defendant Group Long Term Disability Benefits for Employees of Safeway, Inc. Plan (hereinafter "LTD Plan") is an employee benefit plan established pursuant to the Employee Retirement Income Security Act of 1974, *29 USC §1001, et seq.* ("ERISA").

3.    Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford") is an insurance company which is domiciled in the State of Connecticut, and is duly authorized to transact the business of insurance in the State of California.

4.     The benefits provided pursuant to the LTD Plan are insured by Hartford.  Decisions respecting payment of benefits due under the LTD Plan and responses to appeals of denials of benefits are made by Hartford, which functions as the plan administrator for insured claims.

5.     The LTD Plan provides benefits to plan beneficiaries in the above-captioned judicial district.

6.     Venue is proper as Defendants may be found in this district, and as Plaintiff resides in Santa Clara County.

7.     This court has original jurisdiction of this matter under *29 U.S.C. §1132(e)* as an action brought pursuant to *29 U.S.C. §1132(a)(1)(B)*.

8.     Plaintiff became an employee of Safeway, Inc. and a beneficiary of the LTD Plan. The LTD Plan provides for the payment of benefits under the Hartford insurance policy if plan beneficiaries become disabled, defined as follows:

> **Total Disability** or **Totally Disabled** means that:
>
> 1.  During the Elimination Period, and
>
> 2.  For the next 24 months, you are prevented by
>     a.   accidental bodily injury;
>     b.   sickness;
>     c.   mental illness;
>     d.   substance abuse; or
>     e.   pregnancy
>
> you are prevented from performing the essential duties of your occupation, and as a result you are earning less than 20% of your Pre-Disability Earnings, unless engaged in a program of Rehabilitative Employment approved by us.
>
> After that, you must be so prevented from performing the essential duties of any occupation for which you are qualified by education, training, or experience.
>
> Your failure to pass a physical examination required to maintain a license to perform the duties of your occupation does not alone mean that you are Totally Disabled.

9.     Plaintiff graduated from high school in 1965 and had no further formal education. She began working for Safeway in 1972, and continued to do so until she became disabled in 1996. She started working as a cashier, and received promotions to the level of administrative secretary.

10.     Plaintiff became disabled on or about February 13, 1996, primarily due to limitations caused by irritable bowel syndrome.

11.     Plaintiff made a claim for disability benefits under the insurance policy issued by Hartford to the LTD Plan.

12.     Independent medical exams confirmed that Plaintiff was disabled, and benefits were paid under the Hartford insurance policy issued to the LTD Plan.

13.     The Social Security Administration found that Plaintiff is disabled.

14.     From 1996 through January 2006, Hartford conducted annual reviews of Plaintiff's claim, and agreed that she remained disabled.

15.     From 2000 through 2006, Attending Physician's Statements were submitted by Plaintiff's rheumatologist, Dr. Lee.  Dr. Lee certified that Plaintiff is totally disabled due to limitations caused by her several diagnosed problems, including irritable bowel syndrome and fibromyalgia.  Dr. Lee repeatedly notes that, due to Plaintiff's problem with urgent bowel movements, she needs close proximity to a bathroom at all times.

16.     In January 2006, Hartford reassigned Plaintiff's file to a different office and an aggressive investigation was initiated.

17.     Following the reassignment, Harford had a medical review performed by William Sniger, M.D.  Dr. Sniger was specifically told by Hartford not to contact Dr. Lee.  Dr. Sniger found that Plaintiff has restrictions, including the need for convenient access to a restroom.

18.     Hartford had a second medical review report produced by Noreen Ferrante, M.D., a rheumatologist.  Dr. Ferrante agreed that Plaintiff has fibromyalgia and irritable bowel syndrome, and that Plaintiff had restrictions, including the need for convenient access to a restroom.  However, Dr. Ferrante also suggested that irritable bowel syndrome is a psychiatric diagnosis, but that is outside of her expertise, since she is not a gastroenterologist.  Dr. Ferrante's suggestion that a diagnoses of irritable bowel syndrome and fibromyalgia do not "completely preclude" employment is out of her expertise, as she is not a vocational evaluator.

19.     On about September 20, 2006, Hartford had an "Employability Analysis" prepared by one of its own employees.  This was based on the restrictions and limitations developed by Dr.

Sniger and Dr. Ferrante, except that the limitation of a need for frequent access to a restroom was dropped.

20.     By letter dated November 17, 2006, Hartford issued a letter denying Plaintiff's claim.

21.     The November 17, 2006 denial letter stated that the applicable definition of disability was:

> The inability to work with reasonable continuity at your own occupation, or in any occupation in which you might reasonably be expected to engage, in view of your station in life and physical and mental capacity.

22.     By letter dated April 17, 2007, Plaintiff's counsel requested an explanation for why the limitation that, in any employment situation, Plaintiff would have to have close proximity with immediate access as needed to a restroom, as supported by Plaintiff's physicians as well as Dr. Sniger and Dr. Ferrante, had been dropped from the vocational assessment process.

23.     By letter dated April 19, 2007, Hartford responded to Plaintiff's counsel's April 17, 2007 letter and stated that no explanation would be given.

24.     By letter dated May 15, 2007, Plaintiff appealed from the denial of her claim.

25.     Plaintiff's appeal included medical records, additional medical information from her treating gastroenterologist, and a vocational evaluation.

26.     Plaintiff's appeal included reports of Alfred Hurwitz, M.D. Dr. Hurwitz's opinion is that Plaintiff cannot perform sedentary work for an 8-hour day because of restrictions and limitations caused by irritable bowel syndrome and fibromyalgia.

27.     The vocational evaluation submitted with Plaintiff's appeal supports that Plaintiff's need for immediate and unrestricted restroom access, by itself, renders her unemployable. The vocational evaluation also supports that the jobs proposed by Hartford in denying the claim and appeal do not exist in the real world, especially for someone with Plaintiff's limited skill set.

28.     Hartford denied Plaintiff's appeal by letter dated September 21, 2007.

29.     The September 21, 2007 letter denying Plaintiff's appeal was based on new evidence not previously disclosed to Plaintiff. The basis for denying Plaintiff's appeal was

different than the basis for denying Plaintiff's claim, and the denial of Plaintiff's appeal attempted to repudiate the definition of disability quoted in the November 17, 2006 denial letter, as alleged in Paragraph 21.

30.   Hartford's denials of Plaintiff's claim and appeal were wrongful and were abuses of discretion because Plaintiff is disabled as defined by the LTD Plan.

31.   Hartford's denials of Plaintiff's claim and appeals are not supported by substantial evidence.

32.   Hartford's denials of Plaintiff's claim and appeals were made in bad faith.

33.   In denying Plaintiff's claim and appeals, Hartford operated under an actual conflict of interest which affected its claims decisions

34.   Plaintiff has exhausted the administrative appeal procedures provided for in the LTD Plan.

35.   As a result of the actions of Defendants, and each of them, as above alleged, Plaintiff has been deprived of the long-term disability benefits to which she is entitled as a disabled former employee of Safeway, Inc.

36.   Plaintiff's monthly benefit due under the LTD Plan is approximately $886.03 per month. Benefits should have started as of approximately November 15, 2006.

37.   Plaintiff is entitled to attorneys' fees and costs pursuant to *29 U.S.C. §1132(g)(1)*.

38.   Pursuant to *29 U.S.C. §1132(a)(1)(B)*, Plaintiff brings this action to recover benefits due to her under the terms of the LTD Plan, to enforce her rights under the terms of the LTD Plan, and to clarify her rights to future benefits under the terms of the LTD Plan.

39.   Pursuant to *29 U.S.C. §1132(a)(3)*, Plaintiff seeks appropriate equitable relief in the form of an order reinstating her disability benefits and requiring Hartford to pay her benefits in the absence of clear and convincing evidence that her condition has improved.

(1)   For long term disability benefits due from approximately November 15, 2006, through the date of judgment, at the rate of $886.03 per month, and interest thereon;

(2)   For an order reinstating Plaintiff into the LTD plan and requiring payment of future long-term disability benefits;

(3)     For restoration of all associated benefits which Plaintiff is entitled to as a disabled employee of Safeway, Inc.;

(4)     For reasonable attorneys' fees and costs; and,

(5)     For such other and further relief as the Court may deem just and proper.

DATE: <u>February 4, 2009</u>

FLYNN, ROSE & PERKINS

By _____
CHARLES B. PERKINS
Attorney for Plaintiff